**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| STEPHANIE RUSSELL, | : | Case No. 3:19-cv-00353 |
| | : | |
| Plaintiff, | : | District Judge Walter H. Rice |
| | : | Magistrate Judge Sharon L. Ovington |
| vs. | : | |
| | : | |
| SECRETARY OF THE AIR FORCE, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

## I.    Introduction

The United States Air Force employed Plaintiff Stephanie Russell as a Logistics Management Specialist/Trainee Development Coordinator.  She alleges that during her employment her supervisor discriminated against her on the basis of her race—she is African-American—and retaliated against her in violation of Title VII of the Civil Rights Act of 1964, as amended.  Proceeding under Fed. R. Civ. P. 12(b)(6), Defendant seeks partial dismissal of claims Russell raises in her Amended Complaint (Doc. #s 12, 16).  Russell opposes Defendant's Partial Motion to Dismiss.  (Doc. #15).

## II.    Russell's Amended Complaint

At the start of this case, Russell filed a Complaint, and Defendant responded by filing a Motion to Dismiss under Rule 12(b)(6).  In response, Russell (through her

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

counsel) filed an Amended Complaint without first obtaining written consent from Defendant or leave of Court.  This was unfaithful to Fed. R. Civ. P. 15(a)(2), but Defendant is not alarmed.  To Defendant's counsel credit, she acknowledges that Russell's "Amended Complaint cures defects in the original Complaint relating to Plaintiff's discrimination claim …."  (Doc. #12, *PageID* #162).  Still, Defendant contends that Rule 12(b)(6) dismissal is necessary as to certain discrimination claims because Russell failed to exhaust her administrative remedies.  Defendant also contends that Russell's Amended Complaint fails to state a plausible retaliation claim under Title VII.

Russell alleges in her Amended Complaint that beginning in September 2014, workplace issues arose and her first-level supervisor subjected her to verbal counseling "predicated upon her race."  (Doc. #9, ¶18).  She says, "The verbal counseling occurred again on November 6, 19, and 24, 2014.  The November counselings were the subject of one of Plaintiff's EEO claims, were accepted by the EEO office and investigated."[2]  *Id*. Russell's Amended Complaint describes the substance of the discriminatory verbal counseling she received and further alleges that her supervisor discriminated against her in various ways in November and December 2014—for example, denying her sick leave and placing her on AWOL status, denying her requests for annual leave, and treating two Caucasian coworkers—the Logistics Career Development Manager and the Logistics

---

[2] Russell's reference to her EEO claims with the EEO office refer to matters before the Federal Sector Equal Employment Opportunity office.

Management Specialist—more favorably than her with regard to granting annual leave. *Id*. at ¶s 19-24.

Russell further alleges that she was denied a temporary promotion to Branch Chief in January 2015; the promotion went to a Caucasian male who had less time "on the Branch" and far less acquisition experience than Russell. *Id*. at ¶25. In August 2015, her supervisor issued her a five-day unpaid suspension for 23 incidents but allegedly failed to issue the same suspension to comparable Caucasian employees who engaged in similar incidents. *Id*. at ¶27.

### III.    Rules 8(a) and 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (quoting *Erickson v. Pardus,* 551 U.S. 89, 93 (2007)) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

To avoid dismissal under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). "A complaint has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir.

2016).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.'"  *Iqbal*, 556 U.S. at 678.  A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555-56 (internal citations omitted).

## IV.    Discussion

## A.    <u>Exhaustion</u>

Defendant contends that Russell has failed to exhaust her administrative remedies concerning the race-discrimination claims she raises based on events that occurred before or after her verbal counseling sessions in November 2014.  Defendant reasons that the discrimination claims Russell asserted with the EEO office, and that the EEO office accepted and investigated, focused only on the verbal counseling she received in November 2014.

It is a general rule in Title VII cases "that the judicial complaint must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination."  *Weigel v. Baptist Hosp. of East Tenn.*, 302 F.3d 367, 380 (6th Cir. 2002) (citations and internal punctuation omitted).

Russell acknowledges that her Amended Complaint alleges she received discriminatory verbal counseling in "'beginning in September 2014.'"  (Doc. #15, *PageID* #242) (quoting Doc. #9, ¶18).  This statement, she explains, provides context for her claim that she endured discriminatory verbal counseling several times in November 2014.  "In actuality, [she] is not asserting a legal claim and remedy for discriminatory

4

verbal counseling beginning in September 2014." *Id.* Russell's Amended Complaint does not identify specific incidents of discriminatory verbal counseling after November 2014. Given this, and Russell's explanation, she has limited her discriminatory-verbal-counseling claim to the counseling sessions she received in November 2014. If she did not intend to limit her verbal-counseling claim to November 2014, she has an exhaustion problem. She has not specifically opposed or addressed the merits Defendant's contention that she has failed to administratively exhaust this claim as it relies on counseling that occurred outside the month of November 2014.

Accordingly, Defendant's Motion to Dismiss Russell's claims of discriminatory verbal counseling that occurred before or after November 2014 is well taken.

## B. <u>Retaliation</u>

Title VII prohibits retaliation against an employee because she opposed a prohibited employment practice—such as race discrimination—or "because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing [under Title VII]." 42 U.S.C. § 2000e-3(a); *see Taylor v. Geithner*, 703 F.3d 328, 336 (6th Cir. 2013). In order to establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) she engaged in protected activity under Title VII, (2) the defendant was aware of this activity, (3) she was subjected to an adverse employment action by the defendant, and (4) there was a causal connection between the protected activity and the adverse employment action. *Taylor*, 703 F.3d at 336.

Defendant contends that Russell's Amended Complaint fails to state a plausible

5

claim of retaliation because she fails to allege any non-conclusory facts supporting a retaliation claim.

A plaintiff is not required to plead facts establishing a prima facie case under Title VII in order to state a claim for relief.  *Keys*, 684 F.3d at 609 (citing *Swierkiewicz v. Sorema*, 534 U.S. 506, 510-12 (2002)).  "The prima facie case ... is an evidentiary standard, not a pleading requirement."  *Swierkiewicz*, 534 U.S. at 510.

> *Swierkiewicz* establishes that so long as a complaint provides an adequate factual basis for a Title VII discrimination claim, it satisfies the pleading requirements of Federal Rule of Civil Procedure 8(a)(2).  In this regard, the pleading requirements for Title VII claims are no different than those for other claims; they are subject to the same requirement of setting forth "enough facts to state a claim to relief that is plausible on its face." [*Twombly,* 550 U.S. at 570].

*Serrano v. Cintas Corp*., 699 F.3d 884, 897 (6th Cir. 2012) (internal citation omitted). This rule and its reasoning apply to Title VII retaliation claims as well:  "The liberal pleading standard applicable to civil complaints does not require that a retaliation complaint set forth specific facts establishing a prima facie case, but it must allege facts that establish a plausible claim to relief."  *Carrethers v. Speer*, 698 F. App'x 266, 270 (6th Cir. 2017) (citing *Keys*, 684 F.3d at 609-10).

Russell states in her Amended Complaint that she sought informal EEO counseling regarding her workplace concerns in November 2014.  The final agency decision attached to, and referred to, in Russell's Amended Complaint, indicates that she sought EEO counseling on November 20, 2014 and filed her EEO complaint on February 13, 2015.  *Id*. at *PageID* #103.

Russell's Amended Complaint reveals that her workplace concerns were not

informally resolved, and she "moved to the formal process, amended her complaint several times, [and] participated in Agency investigations…." (Doc. #9, ¶16).  She amended her EEO complaint in February 2016 "to include a list of reprisal/retaliation complaints, including failure to promote, a negative performance appraisal and an unpaid suspension from work …." *Id*. at ¶10.

In August 2017, Russell's supervisor imposed a five-day unpaid suspension on her due to twenty-three incidents between November 6, 2014 and February 27, 2017.  This suspension occurred despite the fact that "comparable Caucasian employees not within her protected class had engaged in similar activities and had not received a similar five day unpaid suspension." *Id*. at ¶27.  Russell "further believed that the five day unpaid suspension was motivated by her prior EEO activities and thus constituted reprisal." *Id*. at ¶28.

Russell also alleges that "[she] complained to the EEOC that the other actions listed above [in her Amended Complaint] were predicated on her race African-American, harassment predicated on her race, *and in some instances, reprisal for filing earlier EEO charges.*" *Id*. at ¶29 (italics added).

Accepting as true the allegations in Russell's Amended Complaint, her activities with the EEO office—filing an informal report and, later, a complaint, assisting with the investigation, and amending her EEO complaint, constitute activities protected by Title VII.  Defendant acknowledges that Russell has identified protected activities—"(her EEO complaints and amendments) …." (Doc. #12, *PageID* #168).

Russell also identifies at least one adverse employment action—her five-day

unpaid suspension in August 2017—done in retaliation for her protected activities.

Defendant contends that Russell's retaliation claim fails due to the lack of any facts in her Amended Complaint providing a causal link between her protected activities and the adverse employment action she incurred.  Defendant further argues that Russell has "not identified any similarly situated individuals who have not engaged in EEO activity who were treated better than she was, or any negative comments about her EEO activity.  Without this causal link or statement of facts beyond conclusory legal proceedings, [she] has failed to meet the burden imposed by Rule 12(b)(6)."  (Doc. #12, *PageID* #168).

Defendant essentially argues that Russell's Amended Complaint fails to show a key element of her prima facie case of retaliation—mainly that "there was a causal connection between the protected activity and the adverse employment action."  *Taylor*, 703 F.3d at 336.  This overlooks that Russell's Amended Complaint does not need to "set forth specific facts establishing a prima facie case, but it must allege facts that establish a plausible claim to relief."  *Carrethers*, 698 F. App'x at 270 (citing *Keys*, 684 F.3d at 609-10); *see Swierkiewicz*, 534 U.S. at 510.  Russell's Amended Complaint connects her allegations that she engaged in various EEO activities protected by Title VII with the racially discriminatory acts she describes in her Amended Complaint.  And she alleges that those discriminatory acts were, "*in some instances, reprisal for filing earlier EEO charges.*"  *Id*. at ¶29 (italics added).  Given this and the additional allegations provided in Russell's Amended Complaint, she has given Defendant fair notice of the factual grounds for her plausible retaliation claim.

8

Accordingly, Defendant's Motion to Dismiss Russell's retaliation claim lacks merit.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendant's Partial Motion to Dismiss (Doc. #12) be GRANTED, in part, and Russell's Title VII claim based on the alleged racially discriminatory verbal counseling that occurred before or after November 2014 be dismissed.

2. Defendant's Partial Motion to Dismiss (Doc. #12) be otherwise DENIED.

3. Russell's Motion to Extend Time (Doc. #7) be DENIED as moot.


June 24, 2020                                    *s/Sharon L. Ovington*
                                                 Sharon L. Ovington
                                                 United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).